**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN D. MCGEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 4:25-cv-01395-PLC** |
| | ) |
| **DONNA ANDERSON,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Kevin D. McGee's Motion to proceed *in forma pauperis* and Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. [ECF Nos. 1 & 5]. The Court reviewed the Motion, and finds Petitioner cannot pay the $5 filing fee. The Court will therefore grant the Motion. The Court has also reviewed the Petition, and finds it is untimely and subject to summary dismissal. The Court will therefore order Petitioner to show cause why the Petition should not be dismissed. Petitioner also filed a motion titled "Motion of Objection to Respond[e]nt's Exten[s]ion of Time Order Being Granted," [ECF No. 6], which the Court will deny without prejudice.

I.      **Background**

Petitioner is in the custody of the Missouri Department of Mental Health. [ECF No. 1] In the Petition, he challenges a June 8, 1988 judgment of conviction entered after he pleaded not guilty by reason of insanity. [*Id.*] The Petition is at times illegible, but it is clear Petitioner claims the 1988 judgment was unconstitutional. [*Id.*] Petitioner placed a check mark to state he filed an appeal, but in the space provided for him to describe the appellate case, he referenced only the June 8, 1988 judgment. [*Id.*] Thus it is unclear if Petitioner appealed the judgment of conviction.

[*Id.*] Petitioner does not state an intent to seek conditional or unconditional release. [*Id.*] The Court has not directed the Respondent to answer the Petition.

## II.   Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on section 2254 petitions.  28 U.S.C. § 2244(d)(1).  As relevant here, the limitations period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  But because Petitioner challenges a judgment that became final before the AEDPA was enacted, he is entitled to a one-year grace period ending on April 24, 1997.  *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Petitioner filed the instant Petition on August 27, 2025, at the earliest.  *See* [ECF No. 1 at 12].  That date is more than twenty-eight years after the one-year grace period, so it appears the Petition is untimely and subject to summary dismissal.  The Court will direct Petitioner to show cause why the Petition should not be dismissed.

The Court now addresses Petitioner's "Motion of Objection to Respond[e]nt's Exten[s]ion of Time Order Being Granted."  [ECF No. 6].  Petitioner asks this Court to "GRANT HIS OBJECTION TO RESPOND[E]NT'S EXTEN[S]ION OF TIME . . . ".  *Id.* at 1 (emphasis in original).  The Court has not directed the Respondent to answer the Petition and the Respondent has not filed anything in this case, so there is no basis to grant Petitioner's request.  Petitioner also asks this Court to grant him "A EVIDENT[IARY] IN REGARD [] TO SFCC00080 & SFCC000089."  *Id.* (emphasis in original).  It is not clear what those numbers represent, and to the

extent Petitioner requests an evidentiary hearing in this case, such request is premature.  The Court will deny the Motion, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion of Objection to Respond[e]nt's Exten[s]ion of Time Order Being Granted" [ECF No. 6] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than 21 days from the date of this Order, Petitioner shall show cause in writing why the Court should not dismiss this action as time-barred.  If Petitioner fails to timely respond to this Order, the Court will dismiss this case without prejudice and without further notice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of May, 2026